[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action commenced by the plaintiff corporation, the J.J. Mottes Company against the defendant John E. Matava.
The plaintiff brings this action in a single count alleging a breach of contract.
The case was consolidated on March 26, 2001 with a case also pending in this judicial district entitled Peter Lombardo d/b/a LombardoConstruction vs. John E. Matava, docket number CV 99-0070844. On June 5, 2001, with the consent of the parties, the matter was tried before the court separately from the Lombardo case.
From the testimony and evidence produced at the trial and after carefully assessing the credibility of the witnesses, the court finds the following to have been proven.
The plaintiff claims it supplied concrete to the defendant pursuant to an oral contract.
The evidence clearly demonstrates that the parties did in fact enter into a contract for the delivery of concrete from the plaintiff to the defendant. CT Page 13246
Credible evidence was presented that on September 30, 1998 and October 8, 1998, the plaintiff did deliver concrete per the contract with the defendant at the defendant's property at 151 Pinney Street, Ellington, Connecticut. The court also finds that the agreed upon price and fair value for the concrete was $4324.80. The defendant would have been entitled to a slight discount on said price if payment was made upon delivery.
No evidence has been presented nor is it claimed by the defendant that the concrete was not delivered nor in any way defective.
Additional credible evidence was presented that despite repeated demands for payment for the concrete that the defendant has failed to make any payment to the plaintiff.
The defendant asserts that the plaintiff in the consolidated case, Peter Lombardo, is responsible for the payment for the concrete. The court does not find any credible evidence presented by the defendant to support his contention. The fact that Peter Lombardo coordinated with the plaintiff and defendant for the delivery of the concrete and also had his own separate contract for foundation work with the defendant does not establish liability for payment by Mr. Lombardo to the plaintiff under the facts of this case.
Accordingly, the court hereby finds that the sum of $4,324.80 was due and payable by the defendant to the plaintiff on October 14, 1998 and as such the court hereby enters judgment in favor of the plaintiff against the defendant for $4,324.80 plus allowable costs.
In addition, the court finds that the plaintiff is entitled to prejudgment simple interest at the rate of ten percent a year pursuant to Connecticut General Statutes § 37-3a for the period of October 14, 1998 to the date of this judgment. This interest is to compensate the plaintiff for a delay in obtaining money that rightfully belonged to the plaintiff and that the detention of the money by the defendant after it became payable was wrongful. Accordingly, interest is determined to be $1,268.74 which is ordered to be paid by the defendant to the plaintiff.
In summary, judgment shall enter for the plaintiff in the amount of $4324.80 plus interest of $1268.74 plus allowable costs.
Edward C. Graziani, J. Superior Court Judge